FILED

NOV 17 2021

Clerk, U.S. Courts
District Of Montana
Billings Division

**MICHAEL A. KAKUK**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**901 Front Street, Suite 1100**
**Helena, MT 59626**
**Phone:** **(406) 457-5262**
**Fax:** **(406) 457-5130**
**E-mail:** **michael.kakuk@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 21-46-BLG-SPW** |
| **Plaintiff,** | **PLEA AGREEMENT** |
| **vs.** | |
| **MICHAEL EUGENE BOLTE,** | |
| **Defendant.** | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, represented by Michael A. Kakuk, Assistant United States

Attorney for the District of Montana, and the defendant, Michael Eugene Bolte,

and the defendant's attorney, Gillian Gosch, have agreed upon the following:

1.      **Scope:**  This plea agreement is between the United States Attorney's

Office for the District of Montana and the defendant.  It does not bind any other

AUSA      DEF      ATTY      Date                                            Page 1

federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

**2.** **Charges:** The defendant agrees to plead guilty to the superseding information, which charges the crime of theft of government money, property, or records in violation of 18 U.S.C. § 641, in an amount less than $1,000. This offense carries a maximum punishment of one year of imprisonment, a $100,000 fine, up to one year of supervised release, and a $25 special assessment.

**3.** **Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rule 11(c)(1)(A) and (B), Federal Rules of Criminal Procedure. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss, the indictment; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and the indictment is dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

**4.** **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge contained in the superseding information. In pleading guilty, the defendant acknowledges that:

First, the defendant knowingly stole money with the intention of depriving the owner of the use or benefit of the money;

Second, the money belonged to the United States; and

Third, the value of the money was less than $1,000.

**5.      Waiver of Rights by Plea:**

(a)      The defendant is entitled to have the charge outlined in paragraph 2, above, presented to and tried before a district judge.  Rule 58(b)(3)(A),(B), *Federal Rules of Criminal Procedure*.  By execution of, and signature on, this agreement, the defendant consents to plea and sentencing before the U.S. Magistrate Judge.

(b)      The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(c)      The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d)      The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial.  The United States must also consent and the Court must approve a non-jury trial.

(e)     The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(f)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.  The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(h)     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence.  If the witnesses for the defendant

would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(i)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify.  Or the defendant could exercise the choice to testify.

(j)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(k)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(l)     If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph.

The defendant's attorney has explained those rights and the consequences of waiving those rights.

**6.     Recommendations:**  The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility.  The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.  The parties reserve the right to make any other arguments at the time of sentencing.  The defendant understands that the Court is not bound by this recommendation.

**7.     Sentencing Guidelines:**  Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

**8.     Waiver of Appeal of the Sentence – General:**  The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case.  18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255.  Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release.  This waiver includes challenges to the

constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction.  This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

**9.     Restitution.**  The defendant agrees to be responsible for complete restitution in this matter.  The United States has agreed to a misdemeanor disposition of the case and dismissal of the indictment.  The defendant understands that the monetary threshold identified in the charge is necessary for the charge to be a misdemeanor, but understands the actual loss exceeds that monetary threshold and agrees to be responsible for restitution commensurate with the total loss amount.  *See* 18 U.S.C. §§ 3663(a)(1) and (a)(3).  The United States claims, on behalf of the victim, the United States Small Business Administration, restitution in the amount of $74,800.  The defendant agrees that this amount of restitution may be imposed in the judgment.

**10.     Disclosure of Financial Information:**  The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation.  The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a

debtor's exam if deemed appropriate by the U.S. Attorney's Office, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

**11.**     **Forfeiture.** The defendant agrees to abandon all right title and interest in the following property described in the indictment, execute a release and waiver to that effect, or agree to the entry of an Order of Forfeiture transferring the property to the United States:

a.     1916 Studebaker automobile, VIN 219539;

b.     1929 Franklin automobile, VIN 30193685;

c.     1939 Ford Deluxe automobile, VIN 5064524; and

d.     1941 Ford Super Deluxe automobile, VIN 186334237.

The defendant also agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to this forfeiture.

The U.S. Attorney's Office agrees to support any claims for restoration or remission to apply proceeds from this forfeiture to restitution to the victim, the United States Small Business Administration, set out in paragraph 9. The U.S. Attorney's Office does not control and therefore cannot guarantee the timing or

ultimate outcome of any restoration or remission process, beyond agreeing to start the process once all proceeds from this forfeiture have been realized.

**12.**   **Voluntary Plea:**  The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

**13.**   **Detention/Release After Plea:**  The United States agrees that it will not move for detention, but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate.  18 U.S.C. § 3145(c).  The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release.  The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

**14.**   **Breach:**  If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

15.    **Entire Agreement:**  Any statements or representations made by the

United States, the defendant, or defense counsel prior to the full execution of this

plea agreement are superseded by this plea agreement.  No promises or

representations have been made by the United States except as set forth in writing

in this plea agreement.  This plea agreement constitutes the entire agreement

between the parties.  Any term or condition which is not expressly stated as part of

this plea agreement is not to be considered part of the agreement.

LEIF M. JOHNSON
Acting United States Attorney


(For) MICHAEL A. KAKUK
Assistant U. S. Attorney
Date: 11/17/2021


MICHAEL EUGENE BOLTE
Defendant
Date: 11-17-21


GILLIAN GOSCH
Defense Counsel
Date: 11-17-21