**MICHAEL A. KAKUK**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**901 Front Street, Suite 1100**
**Helena, MT 59626**
**Phone:  (406) 457-5262**
**Fax:      (406) 457-5130**
**E-mail:  michael.kakuk@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 21-46-BLG-SPW** |
| **Plaintiff,** | |
| **vs.** | **OFFER OF PROOF** |
| **MICHAEL EUGENE BOLTE,** | |
| **Defendant.** | |

Defendant Michael Eugene Bolte has signed a plea agreement which contemplates his plea of guilty to the Superseding Information, which charges theft of government money, property, or records, in violation of 18 U.S.C. § 641.  Bolte will also admit the forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

The United States presented all formal plea offers to the defendant in writing. The plea agreement entered into by the parties and filed with the Court represents, in the government's view, the only and most favorable offer extended to the defendant. *See Missouri v. Frye*, 132 S.Ct. 1399 (2012).

**ELEMENTS**.  In order to prove theft of government money, property, or records against the defendant at trial, the United States would have to prove the following elements beyond a reasonable doubt:

First, the defendant knowingly converted to defendant's use money with the intention of depriving the owner of the use or benefit of the money;

Second, the money belonged to the United States; and

Third, the value of the money was less than $1,000.

**PROOF**.  If called upon to prove this case at trial, and to provide a factual basis for the defendant's plea, the United States would present, by way of the testimony of law enforcement officers, lay witnesses, and physical evidence, the following:

The Defendant, Michael Eugene Bolte, was the owner and operator of Razor Creek Recreation, LLC, doing business as Feedlot Steakhouse and Razor Creek Saloon in Shepherd, Montana.  In February, 2020, defendant entered into negotiations to purchase several vintage automobiles from an estate.  Defendant saw those vintage automobiles as an investment opportunity.

2

On April 1, 2020, defendant applied for a business loan from the United States Small Business Administration ("SBA") under the Economic Injury Disaster Loan ("EIDL") program, authorized by the Coronavirus Aid, Relief, and Economic Security Act.  The application required information about the business, including its number of employees, gross revenue, and cost of goods sold.  Based on this information, defendant's business was approved for an EIDL loan of $106,200.

On May 24, 2020, defendant signed the loan authorization, agreement, and note for a loan of $74,800.  As part of the loan authorization, defendant expressly acknowledged the EIDL loan proceeds would be used solely as working capital for the business.  Defendant's intent at the time of signing the EIDL loan authorization was to purchase the estate's vintage automobiles as an investment, and not as working capital for his business.

The EIDL loan was dispersed to defendant on May 27, 2020.  Prior to receiving this loan, defendant's bank account had a balance of just over $15,000.  Eleven days later, on June 7, 2020, defendant wrote a check to the estate for $75,000 for the purchase of four vintage automobiles: a 1916 Studebaker (VIN 219539), a 1929 Franklin (VIN 30193685), a 1939 Ford Deluxe (VIN 5064524), and a 1941 Ford Super Deluxe (VIN 186334237).  Also part of the estate's sale to defendant were two other vehicles, a tractor and a 1949 Jeep.  Thus, Defendant in fact used the proceeds from the EIDL loan to purchase those vintage automobiles,

not as working capital for his business as required by the SBA.  Had the SBA known Defendant's intended and actual use of the proceeds of the EIDL loan, the SBA would not have approved or funded defendant's EIDL loan.

The government submits that this evidence would prove beyond a reasonable doubt all the elements of the crime charged in the superseding information.

Respectfully submitted this 18th day of November, 2021.

LEIF M. JOHNSON
United States Attorney

/s/ Michael A. Kakuk
Assistant U.S. Attorney
Attorney for Plaintiff