**Michael A. Kakuk**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**901 Front Street, Suite 1100**
**Helena, MT 59626**
**Phone: (406) 457-5262**
**FAX: (406) 457-5130**
**Email: michael.kakuk@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**MICHAEL EUGENE BOLTE,**<br><br>**Defendant.** | **CR 21-46-BLG-SPW**<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

## INTRODUCTION

Michael Bolte was originally indicted on one count of Wire Fraud, a violation of 18 U.S.C. § 1343, and one count of Engaging in Monetary

Transactions in Property Derived from Specified Unlawful Activity, a violation of 18 U.S.C. § 1957. Doc 2. On November 18, 2021, the United States filed a superseding information charging Bolte with one count of Theft of Government Money, Property, or Records, a violation of 18 U.S.C. § 641. Doc 21. Bolte pled guilty to the superseding information on November 23, 2021. Doc 26.

The only objection to the PSR was regarding restitution for his Economic Impact Disaster Loan (EIDL). PSR Addendum. Bolte is correct that he has made some payments on the loan, and that he should be credited for those payments. But in addition, interest has accrued on the loan and that should also be taken into account in the final restitution calculation. The United States Small Business Administration (SBA) is preparing a certified record of the final balance of the loan, which is currently believed to be $76,928.16. The United States will be prepared to provide the Court with a final accounting of the EIDL at the sentencing hearing on April 13, 2022.

The presentence investigation report has calculated an advisory guideline range of 6 to 12 months of incarceration, one year of supervised release, and a fine range of $4,000 to $40,000. PSR ¶¶ 44, 47, 53, respectively. Bolte is eligible for between one and five years of probation, which may include a period of home detention, community confinement, or intermittent confinement. *Id*. at ¶¶ 49-50.

Neither party objected to the guideline calculations. For the reasons set in full below, the United States recommends a sentence of three years of probation and a fine of $5,000, which technically constitutes a downward departure from the guideline sentence.

## LEGAL STANDARD

Section 3553(a) of Title 18 of the United States Code contains the following directive: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; (5) protect the public from further crimes of the defendant; and (6) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

The Court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines and policy statements, unwarranted sentencing disparities, and restitution to the victim. 18 U.S.C. § 3553(a)(1), (3)-(7).

## ARGUMENT

The United States believes that probation for three years is proper and necessary under the six factors of 18 U.S.C. § 3553(a)(2). Further, a fine of $5,000 is within the guideline range, and is justified given Bolte's offense and financial situation. Each factor is addressed below.

1. Reflect the Seriousness of the Offense

Bolte applied for and obtained an EIDL for his business, the Feedlot Steakhouse and Razor Creek Saloon. PSR ¶ 9. The business was authorized to receive an EIDL loan of up to $106,200. *Id*. However, instead of taking out that money for his business, Bolte took out a loan for $74,800 to purchase classic cars from an estate. PSR ¶ 10.

This was not a victimless crime. The covid-19 pandemic was an unprecedented global event, impacting our society in multiple ways, particularly our economy. This pandemic led to an equally unique governmental response. The United States government enacted the Coronavirus Aid, Relief, and Economic Security (CARES) Act, which provided $2.2 trillion dollars in various forms of economic relief to states, tribal governments, businesses, and individuals. Unfortunately, much of that funding was syphoned off through fraud. The amount

of fraud on the various CARES Act programs is unknown, but is estimated to be hundreds of billions of dollars.

Bolte diverted funds from the EIDL program for his personal use, instead of using them for the express purpose of helping his business. This was a serious offense, but incarceration is not warranted given Bolte's lack of criminal history, his apparent intention to sell the classic cars and pay back the loan, and especially that this is a misdemeanor offense. Probation, with a fine amount of double Bolte's monthly income (PSR ¶ 41), is appropriate for the seriousness of this offense.

2.  Promote Respect for the Law

Bolte is a 70-year-old with little prior criminal history. PSR ¶¶ 24-29. Given this, a term of probation and a fine of $5,000 is sufficient to promote his respect for the law.

3.  Provide Just Punishment for the Offense

Again, Bolte's restaurant qualified for the EIDL; the issue is that Bolte obtained it under false pretenses and spent the funds on personal items. As such, it does not appear that incarceration, or even home confinement, is necessary to provide a just and proper punishment here. A fine of twice Bolte's monthly income is sufficient punishment for Bolte.

4. Offer Adequate Deterrence to Criminal Conduct

Similarly, for the reasons discussed above, it is unlikely that incarceration is necessary to deter Bolte from future similar conduct. Probation for three years will provide the adequate time and attention to Bolte to monitor payment of his fine and restitution, and to deter any future criminal conduct.

5. Protect the Public from Further Crimes of the Defendant

This factor is not at issue here. There is no indication that the public needs to be protected from Bolte, thus this factor also weighs in favor of probation and not incarceration.

6. Provide the Defendant with Needed Training, Care, or Treatment

The United States does not believe that Bolte needs any specific training, care, or treatment.

## CONCLUSION

Three years' probation and a fine of $5,000 is appropriate for Bolte.

DATED this 30th day of March 2022.

LEIF JOHNSON
United States Attorney

/s/ Michael A. Kakuk
Assistant U.S. Attorney
Attorney for Plaintiff

**CERTIFICATE OF COMPLIANCE**

Pursuant to D. Mont. LR 7.1(d)(2) and CR 47.2, the foregoing document is proportionately spaced, has a typeface of 14 points or more, and the body contains 998 words.

/s/ Michael A. Kakuk
Assistant U.S. Attorney
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of March 2022, a copy of the foregoing document was served on the following persons by the following means.

1-2 CM/ECF
____ Hand Delivery
____ U.S. Mail
____ Overnight Delivery Service
____ Fax
____ E-Mail

1. Clerk of Court

2. Gillian E. Gosch
   Attorney for Defendant

/s/ Michael A. Kakuk
Assistant U.S. Attorney
Attorney for Plaintiff